FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(ALEXANDRIA DIVISION)

2015 JUL -2 P 3: 42

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| N. O., a minor,<br>By CHRISTINE ORWIG,<br>her mother and Next Friend<br>62 Horseshoe Canyon<br>San Antonio, TX 72858 | )<br>)<br>)<br>)<br>) |
| and | ) |
| CHRISTINE ORWIG<br>62 Horseshoe Canyon<br>San Antonio, TX 72858 | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:15-cv-868<br>JURY TRIAL REQUESTED<br>(TSE/JFA) |
| ABOUT WOMEN, OB/GYN, P.C.<br>2296 Opitz Boulevard<br>Woodbridge, VA 22191<br>SERVE:<br>WSG Services, PLLC<br>Registered Agent<br>10521 Judicial Drive, Suite 204<br>Fairfax, VA 22030 | )<br>)<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| MARC ALEMBIK, M.D.<br>c/o About Women Ob/Gyn, P.C.<br>2296 Opitz Boulevard<br>Woodbridge, VA 22191 | )<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT
(Negligence/Medical Malpractice)

COMES NOW, Christine Orwig and N. O., a minor, by Christine Orwig, her mother and Next Friend, by and through their attorneys who sue Defendants About Women Ob/Gyn, P.C. and Marc Alembik, M.D. In support of their Complaint, Plaintiffs state as follows:

1. Jurisdiction is proper under 28 U.S.C. § 1332 as there is complete diversity of citizenship.

2. Venue is proper in this Court because the claims asserted occurred within this Court's district.

3. Christine Orwig and N. O. are residents of Texas. At the time of the malpractice alleged herein, they were residents of Woodbridge, Virginia. Plaintiffs bring this action as a result of the medical care provided to them by the Defendants on or about September 28, 2011 and continuing.

4. Defendant About Women Ob/Gyn, P.C. is a Virginia professional corporation operating in Virginia. At all times mentioned herein, the medical care provided to N. O. and to Christine Orwig by About Women Ob/Gyn, P.C. was provided by agents, employees, servants and/or representatives of this Defendant, all acting within the scope of their employment or agency.

5. Defendant Dr. Alembik is a health-care provider licensed in the Commonwealth of Virginia who provided care and treatment to N. O. and Christine Orwig in Virginia and as such, owed each of them a duty to conform his conduct to prevailing standards of care. A patient-physician relationship existed between Dr. Alembik and N. O. and between Dr. Alembik and Christine Orwig.

6. On or about September 28, 2011, Christine Orwig was approximately 28 weeks pregnant.

7. Defendants had provided pre-natal care to Christine Orwig.

8. Up through that time, Christine Orwig had had a normal pregnancy.

9. On or about September 28, 2011, Christine Orwig's membranes prematurely ruptured, causing her amniotic fluid to leak.

10. Christine Orwig presented at About Women Ob/Gyn, P.C. for treatment.

11. After seeing Christine Orwig's condition, an About Women Ob/Gyn physician referred her to Potomac Hospital.

12. Christine Orwig immediately reported to Potomac Hospital where she was admitted.

13. Christine Orwig did not go into labor after her membranes ruptured.

14. The Defendants chose not to deliver at that time. Instead, they placed Christine Orwig on bed rest at Potomac Hospital.

15. This decision placed Christine Orwig and her unborn child, N. O., at risk of infection and other dangerous consequences because Christine Orwig's membranes had prematurely ruptured and the Defendants were required to be aware of the infection risk.

16. The Defendants ignored and or missed evidence of infection during Christine Orwig's hospitalization.

17. During the morning of October 13, 2011, a non-stress test was equivocal and N. O. was noted to be less reactive than in prior tests.

18. During the morning of October 13, 2011, Christine Orwig complained of increased pressure and bleeding.

19. During the morning of October 13, 2011, N. O.'s fetal heart rate increased.

20. On October 13, 2011, Christine Orwig's white blood cell count was high, indicating a likely infectious process.

21. Defendants either ignored the signs of infection or they were aware of the signs of infection and chose not to perform an immediate delivery via Cesarean section at that time.

22. By 2:30 p.m., the Defendants documented that Christine Orwig likely had chorioamnionitis.

23. Defendants chose not perform an immediate delivery via Cesarean section.

24. Defendants instead decided to induce labor and to vaginally deliver the unborn child.

25. Defendants allowed Christine Orwig to remain in labor for another eleven hours after documenting likely infection, subjecting N. O. to worsening infection, which also resulted in significant decelerations.

26. At approximately 11:35 p.m., N. O. was vaginally delivered.

27. N. O. was taken to Potomac Hospital's neonatal intensive care unit ("NICU") where she was diagnosed with meningitis and sepsis.

28. N. O. had to be transferred to the Inova Fairfax Hospital NICU where she developed a Grade III bleed and subsequently hydrocephalus.

29. N. O. permanently suffers from hydrocephalus, a/k/a "water on the brain." The hydrocephalus has required N. O. to undergo scores of surgeries and the repeated placement of multiple shunts into her brain. These shunts have to be replaced and adjusted throughout N. O.'s lifetime.

30. Throughout N. O.'s life, she has suffered and will continue to suffer from multiple infections at the sites of her shunts.

31. N. O. is not in need of assistance in all activities of daily living. N. O. does not live in Virginia. Thus N. O. has not suffered a "birth-related neurological injury" as that term is defined by Code of Virginia § 38.2-5001, the Virginia Birth-Related Neurological Injury Compensation Act. As such, the Virginia Birth-Related Neurological Injury Compensation Act does not apply to this case.

### NEGLIGENCE/MEDICAL MALPRACTICE

32. Plaintiffs incorporate all previous paragraphs.

33. The Defendants, individually and through their respective agents, servants, employees and/or representatives provided medical and surgical care to N. O. and to Christine Orwig at Potomac Hospital on or about September 28, 2011, and continuing.

34. At all times of which Plaintiffs complain, Defendants, by themselves and through their agents, servants, employees and/or representatives represented to N. O. and to Christine Orwig and to the general public that they possessed the degree of knowledge, ability and skill possessed by reasonably competent medical and surgical practitioners, practicing under the same or similar circumstances as those involving N. O. and Christine Orwig.

35. Defendants, including their agents, servants, employees and/or representatives owed to N. O. and Christine Orwig a duty to exercise that degree of skill, judgment, and care expected of reasonably competent medical and surgical practitioners practicing under the same or similar circumstances as those involving N. O. and Christine Orwig, which duty included the taking of appropriate precautions, performing appropriate evaluations, performing appropriate diagnostic testing and timely delivering N. O. – all of which Defendants failed to do.

36. The Defendants were further negligent in that they:

    a. failed to properly monitor N. O.'s condition;

     b.    failed to properly monitor Christine Orwig's condition;

     b.    failed to properly medicate to avoid infection to N. O.;

     d.    failed to properly medicate to avoid infection to Christine Orwig;

     e.    improperly discontinued antibiotics;

     f.    failed to properly monitor N. O. for signs of infection and fetal distress;

     g.    failed to properly monitor Christine Orwig for signs of infection and fetal distress of N. O.;

     h.    failed to properly react to signs of infection and fetal distress;

     i.    failed to timely deliver N. O.;

     j.    failed to timely perform a Cesarean section;

     k.    failed to avoid injury to N. O.;

     l.    failed to avoid injury to Christine Orwig by causing injury to her unborn child;

     m.    failed to engage and consult appropriate medical care and specialties including maternal-fetal medicine; and

     n.    were otherwise negligent.

37.    Injuries to Christine Orwig's unborn child constitute injuries to Christine Orwig.

38.    As a proximate result of the Defendants' negligence, Christine Orwig has experienced, and will continue to suffer, severe and permanent injuries, including lifelong mental suffering resulting from the birth of, and the extraordinary care needed for, a disabled child.

39.    As a proximate result of the Defendants' negligence, N. O. has suffered physical and mental damages and will continue suffer lifelong physical and mental damages.

WHEREFORE, Christine Orwig and N. O., a minor, by her Next Friend Christine Orwig, her mother, request judgment against the Defendants, jointly and severally, in the amount of five

million dollars ($5,000,000.00), and for pre- and post-judgment interest, and all other relief the Court deems appropriate.

Dated: July 2, 2015

Respectfully submitted,

PERRY CHARNOFF PLLC

_____
Scott M. Perry (#67417)
Mikhael D. Charnoff (#43929)
Leslee M. Soudrette (#84478)
2300 Wilson Boulevard, Suite 240
Arlington, VA 22202
P: (703) 291-6650
F: (703) 563-6692
scott@perrycharnoff.com
mike@perrycharnoff.com
leslee@perrycharnoff.com

Plaintiff demands a jury trial pursuant to FRCP 38.

_____
Scott M. Perry